UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN LEE BRYANT,

    Petitioner,

vs.                                   Case No. 5:10-cv-444-Oc-29DNF

WARDEN, FCC COLEMAN-USP II,

    Respondent.
_____

**OPINION AND ORDER**

Petitioner John Lee Bryant, a federal prisoner incarcerated at the Federal Correctional Complex, located in Coleman, Florida, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. #1, Petition) and attached a memorandum of law (Doc. #2, Memorandum). The Petition attacks the validity of Petitioner's plea based sentence entered by the United States District Court Middle District of Georgia, in case number 1:00-cr-16-WLS of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(e). Petition at 2. Petitioner was sentenced as an armed career criminal to 233-month term of imprisonment. See Case No. 1:00-cr-16WLS (M.D. Ga. 2000), Doc. #21. Relying on Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (2010), and other related cases, Petitioner challenges his sentence on the grounds that he is actually innocent of his sentencing enhancements. See generally Memorandum. Specifically, Petitioner states that his

pre-sentence investigation report ("PSI") listed the following three prior offenses that qualified him for a sentence enhancement:

> attempt to commit murder in Madison County, Florida on 2-2-87, Docket No: 87-26CF and for possession of a firearm and possession of marijuana on 9-19-1998 in Jefferson County, Florida, Docket No: 98-210CFA. The third prior is for Battery, Docket No: 1999-11137.AM001.

Memorandum at 6. Petitioner challenges the prior battery conviction under Johnson, arguing that this battery offense was not violent and was also a misdemeanor. Id. at 6-7. Thus, Petitioner argues that because the battery conviction does not count as a violent felony offense, he did not qualify as an armed career offender. Id.

Respondent filed a Response to the Petition seeking dismissal of the Petition (Doc. #11, Response) and submitted supporting exhibits, including a copy of Petitioner's plea agreement and a copy of the PSI under seal (Doc. #S-1). Respondent agrees that the battery conviction Petitioner points to was indeed a misdemeanor offense, but notes that this offense was not used to enhance Petitioner's sentence. Response at 7. Respondent further argues that Petitioner had five other felony convictions for undisputed crimes of violence listed in Petitioner's written plea agreement, any three of which would qualify Petitioner as an armed career criminal. Id. at 6-7. Petitioner filed a Reply to the Response

(Doc. #12, Reply).[1] For the reasons set forth herein, the Court finds the Petition should be dismissed.

Title 28 U.S.C. § 2241 provides a means for a prisoner to challenge the execution of his sentence. Here, Petitioner is challenging the validity of his 223-month sentence. Thus, the Court must first determine whether Petitioner is entitled to relief under § 2241.

"Typically collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005)(*per curiam*). When a petitioner has previously filed a § 2255 petition, he must apply for and receive permission from the appropriate federal circuit court prior to filing a successive petition. Id. (citing In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996); see also 28 U.S.C. § 2244(b)(3)(A). Additionally, § 2255 motions must be brought in the district court of conviction and are subject to a one-year statute of limitations. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003); 28 U.S.C. § 2255(f).

It is clear that Petitioner no longer has any remedies available under § 2255, so he files the Petition under § 2241.[2]

---

[1] Arguments raised for the first time in a reply brief will not be addressed. Herring v. Sec'y, Dep't of Corr., 397 F.3d 1338, 1342 (11th Cir. 2005)(citations omitted).

[2] Petitioner previously filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 on May 1, 2002. See Middle District of Georgia, Case No. 1:00-cr-00016-WLS.
(continued...)

According to Eleventh Circuit precedent, the circumstances under which a federal prisoner may invoke relief pursuant to § 2241 are limited to specific instances set forth in the "savings clause" of § 2255. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). A prisoner may not use the savings clause simply to circumvent the restrictions on filing a second or successive § 2255 motion. Id. Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised.

Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005)(quoting Wofford, 177 F.3d at 1244). A petitioner must meet each element of this test. Dean v. MacFadden, 133 F. App'x 640, 642 (11th Cir. 2005). See also Turner v. Warden Coleman, FCI-Medium, ___ F.3d ___, 2013 WL 646089 *3 (11th Cir. Feb. 22, 2013)(clarifying that "[t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings.")(citing Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011)(en banc), cert. denied, ___ U.S. ___, 132 S. Ct. 1001, 181 L. Ed. 2d 743 (2012)).

---

²(...continued)
Petitioner apparently also sought leave from the Eleventh Circuit Court of Appeals to file a successive § 2255 based on Johnson. Memorandum at 13-14. The Eleventh Circuit denied Petitioner's motion finding that Johnson was not retroactive. Id.

Failure to satisfy the requirements of the savings clause divests the Court of subject matter jurisdiction to rule on the merits of the § 2241 petition. <u>Williams v. Warden, Fed. Bureau of Prisons</u>, No. 11-13306, ____ F.3d____, 2013 WL 1482283 (11th Cir. Apr. 11, 2013).

Here, Petitioner is not entitled to relief under § 2241 because he does not satisfy the <u>Wofford</u> requirements. First, Petitioner cannot point to a "retroactively applicable Supreme Court decision." Indeed, on July 26, 2010, the Eleventh Circuit Court of Appeals denied Petitioner permission to file a successive motion pursuant to 28 U.S.C. § 2255, finding that the Supreme Court has not made <u>Johnson</u> retroactive to cases on collateral review. <u>See</u> Memorandum at 14. "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001) (internal quotation marks omitted); <u>In re Joshua</u>, 224 F.3d 1281, 1283 (11th Cir. 2000)("For a new rule to be retroactive, the Supreme Court must make it retroactive to cases on collateral review."). As of the date of this Order, neither the United States Supreme Court nor the United States Court of Appeals for the Eleventh Circuit have held that <u>Johnson</u> is retroactive to cases on collateral review.

Additionally, the holding of <u>Johnson</u> does not establish that Petitioner was convicted of a non-existent offense. In <u>Johnson</u>, the Supreme Court considered whether the Florida felony battery

offense under Fla. Stat. § 784.03(1)(a)(2003) was a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The Supreme Court determined that in order for a crime to be a violent felony, it must involve "violent force," further defined by the Court as "force capable of causing physical pain or injury to another." Johnson, 130 S. Ct. at 1271. The Johnson Court concluded that because criminal liability under § 748.03(1)(a) is satisfied by any intentional physical contact, no matter how slight, that crime does not have the use of physical force as an element, as required by the ACCA definition of "violent felony." Johnson, 130 S. Ct. at 1269-71. Notably, the Court did not consider whether this specific offense qualified as a violent felony under ACCA's residual clause. Id. at 1271. Petitioner's underlying predicate offenses did not involve the Florida Statute at issue in Johnson.³ In fact, a prior battery conviction was not even included as one of Petitioner's predicate offenses used to enhance his sentence. See Plea Agreement, Doc. #S-1 at 6.

Nonetheless, even if Petitioner could hurdle the Wofford requirements, Petitioner must still demonstrate "actual innocence."

---

³Petitioner's criminal history revealed the following five felony offenses: (a) burglary, case number 83-23-CF-A (incident date of April 7, 1983), in the Circuit Court Jefferson County; (b) burglary, case number 83-26-CF-B (incident date of April 10, 1983), in the Circuit Court, Jefferson County Florida; (c) burglary, case number 83-27-CF-B (incident date April 14, 1983); (d) attempt to commit murder in the first degree, case number 97-26CF; (e) burglary, case number 87-33-F (incident date January 217, 1987).

Wofford, 177 F.3d at 1244, n.3 (citing Bousely v. United States, 523 U.S. 614, 623 (1998)("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")). Here, Petitioner does not contend that he is innocent of the offense for which he stands convicted and incarcerated; he argues that he is "innocent" of the underlying predicate offenses that affected his sentencing due to an intervening change of law. Petitioner's actual innocence argument is precluded by Gilbert v. United States, 640 F.3d 1293, 1322-23 (2011)(en banc)(finding that "actual innocence of sentence exception does not apply to claims that the guidelines were misinterpreted to produce a higher guidelines range than would otherwise have applied"). See also McKay v. United States, 657 F.3d 1190, 1197-99 (11th Cir. 2011)(noting "legal, rather than factual, innocence" . . . "fails to fall within the actual innocence exception's purview'); Edwards v. Warden, FCC Coleman—Medium, 432 F. App'x 897, 899 (11th Cir. 2011)(stating "[t]here is no precedent in this circuit for applying the savings clause to sentence claims.").

Based upon the foregoing, Petitioner cannot satisfy the savings clause of § 2255(e). Consequently the Court is without jurisdiction to consider the merits of the § 2241 Petition.

ACCORDINGLY, it is hereby

**ORDERED and ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED**.

2.   The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions and deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this  23rd  day of April, 2013.

*John E. Steele*
JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record